IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Yang Shao and Endeavor 1, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 23-cv-15065 |
| | ) | |
| Customers Bank, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER

The defendant's motion to dismiss [18] is granted, for the reasons discussed in the following Statement. Final judgment shall be entered in favor of the defendant. Civil case terminated.

### STATEMENT

The plaintiffs, Yang Shao and her dissolved company, Endeavor 1, LLC ("Endeavor"), brought this suit against the defendant, Customers Bank, asking this Court to determine that Customers Bank's deed of trust and mortgages on Shao's properties are invalid. Compl. 8, ECF No. 1-1. Shao claims that she is entitled to relief because she never signed any of the lien instruments; she asserts that her signatures were forged.

This saga began in 2018, when Endeavor and Endeavor AL, LLC borrowed over three million dollars from Customers Bank in the form of a Small Business Administration ("SBA") loan. Ariz. Compl. 4 ¶¶ 18–19, ECF No. 30-1.[1] Shao was a guarantor on the loan. *Id.* at 18 ¶ 86. Six properties served as collateral for the loan: (1) 542 E. 14th Avenue, Naperville, Illinois 60563; (2) 4250 N. Marine Drive, #327, Chicago, Illinois 60613; (3) 11th Street and Avenue 11-10 Lancaster, California 93534; (4) 5328 East Anderson Drive; (5) 17814 North 56th Street; and (6) 4839 East Charleston Avenue (the last three, collectively, are the "Arizona Properties"). Attachment 13, ECF No. 1-1; Attachment 16, ECF No. 1-1; Ex. 9, ECF No. 18-1; Ex. 3, ECF No. 18-1. It is these properties that Shao asks the Court to declare free of Customers Bank's liens. Compl. 1.

---

[1] The plaintiff's complaint elides much of the factual background of this case. Though a court typically only looks to the plaintiff's allegations on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes judicial notice of filings and decisions in other cases. Fed. R. Evid. 201(b). Because Customers Bank secured a default judgment against Shao in its Arizona lawsuit, as discussed below, the well-pled allegations in its complaint are deemed admitted. *Smith & Wesson Corp v. The Wuster*, 407 P.3d 548, 551 (Ariz. Ct. App. 2017).

Shao made the loan payments, without any claim of forgery, for several years, but eventually defaulted. TRO Hearing Tr. 44:9-13; Ariz. Compl. 5 ¶ 26–27. Customers Bank sued Shao and Endeavor, among others, in Arizona state court, seeking repayment on the defaulted loan. Customers Bank sued Shao for breach of guarantee and Endeavor for breach of the loan agreement. Ariz. Compl. 5, 18. Customers Bank filed its Arizona complaint in January 2023. Ariz. Compl. 1. Over eight months later, in October 2023, Shao filed this suit in the Circuit Court of Cook County. Compl. 1. Customers Bank removed the action to this Court on the basis of diversity jurisdiction. Not. Removal 3 ¶ 9, ECF No. 1.

A sale of the Arizona Properties, authorized by the Arizona court, was scheduled for October 19, 2023. Min. Entry 2, ECF No. 18-4. The day before the sale was to proceed, Shao sought a temporary restraining order from this Court to stop the sale. TRO Mot. 1, ECF No. 7. That motion was denied, and the Arizona properties were sold. Min. Entry, ECF No. 12; Resp. 12, ECF No. 25. Customers Bank moved to dismiss Shao's claim in this Court on November 17, 2023, arguing that Shao failed to state a claim and that the case should be stayed while the Arizona litigation played out. Mot. Dismiss 10, 14. On November 20, 2025, the Superior Court of Arizona for Maricopa County issued a default judgment against Shao, finding her liable for $136,484.55 on the SBA loan and awarding Customers Bank attorneys' fees.[2] Ariz. J. 2 ¶¶ 5–6, ECF No. 30-2.[3]

As evidenced by the Arizona litigation, this isn't Shao's first time in court regarding her debt to Customers Bank. It's also not the second, third, or even the fourth. Shao filed eight bankruptcy petitions before filing suit in the Circuit Court of Cook County (removed to this Court), seeking a stay to avoid the sale of her Arizona Properties. Customers Bank's Status Report 3 ¶ 10, ECF No. 30; *In re Shao*, No. 23-cv-13808, 2025 WL 933807, at *4 (N.D. Ill. Mar. 26, 2025); Tr. Proceedings 39:18-22, ECF No. 9-9. She has since filed two more bankruptcy petitions, a lawsuit in the Eastern District of Pennsylvania, and two lawsuits in the Circuit Court of DuPage County. *In re Yang Shao*, No. 24-bk-10137 (Bankr. D.R.I. filed Mar. 11, 2024); *In re Yang Shao*, No. 25-bk-12663 (Bankr. N.D. Ill. filed Aug. 18, 2025); *Shao v. Customers Bancorp, Inc.*, No. 25-cv-02640 (E.D. Pa. filed May 22, 2025); *Yang Shao v. Tamara Thompson*, No. 2025LA000467 (Ill. Cir. Ct. filed Apr. 16, 2025); *Yang Shao v. Jud. Att'y Servs. Inc.*, No. 2025CH000302 (Ill. Cir. Ct. filed Dec. 12, 2025).

As an initial matter, Shao's claim with respect to the Arizona Properties is moot. Because Customers Bank already sold the properties, it no longer has a lien on them and no live controversy remains. *See Speech First, Inc. v. Killeen*, 968 F.3d 628, 645 (7th Cir. 2020) ("Article III limits

---

[2] The default judgment was not issued because Shao failed to litigate—on the contrary, she made so many filings that the Arizona court declared her a vexatious litigant. Min. Entry 7, ECF No. 30-3. The court struck Shao's answer as a sanction for abusive litigation conduct, leading to the default judgment. *Id.* at 1. In her answer, Shao had alleged that her signatures were forged. Ariz. Answer 2–4 ¶¶ 7–26, ECF 18-2.

[3] Shao's motion to vacate the judgment was denied on February 18, 2026. Min. Order, Feb 18, 2026, No. CV 2023-000859, available at https://courtminutes.clerkofcourt.maricopa.gov/JONamesearch.asp?casenumber=CV2023000859&partydesignator=&lastname=&firstname=&middlename=&joname=&entryfromdate=&entrytodate=&submit=Retrieve+Minute+Entries#.

federal court jurisdiction to live cases and controversies and an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." (citation modified)). The Court discusses below whether Shao's claim may proceed with respect to the remaining properties.

### I. Res Judicata

Customers Bank argues that the Arizona judgment has a res judicata effect on this proceeding, meaning that Shao is precluded from bringing her claim in this Court. Customer Bank's Status Report 3 ¶ 7. In federal court, the res judicata effect of a judgment is governed by federal common law, which directs courts to apply the "law of the state in which the rendering court sits." *H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 632 (7th Cir. 2020). The Court, then, looks to Arizona law.

Arizona's rules of civil procedure require a defendant to plead any counterclaims she has against the plaintiff with her answer, "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Ariz. R. Civ. P. 13(a). The same transaction or occurrence test is satisfied "when a logical relationship exists between the current cause of action and the previous one." *Mirchandani v. BMO Harris Bank, N.A.*, 326 P.3d 335, 337–38 (Ariz. Ct. App. 2014). Like in the federal system, compulsory counterclaims in Arizona are subject to a "use it or lose it" rule: if a defendant has a compulsory counterclaim, but fails to assert it in the first case, the claim is "waived and barred in any subsequent action under the doctrine of claim preclusion." *Id.* at 337. Arizona law gives a default judgment the same preclusive effect as a judgment on the merits. *A. Miner Contracting, Inc. v. Toho-Tolani Improvement Dist.*, 311 P.3d 1062, 1070 (Ariz. Ct. App. 2013). And though a judgment must be final to have preclusive effect, appealing a trial court's final judgment does not strip it of its finality. *Ariz. Downs v. Super. Ct. of Ariz.*, 623 P.2d 1229, 1232 (Ariz. 1981) ("[A]n appeal from a judgment does not suspend the effect of the judgment as res judicata between the parties.").

The Arizona lawsuit concerned Shao's liability to Customers Bank on the SBA loan, and the lien instruments she claims were forged were collateral for the SBA loan. The Arizona Court of Appeals faced a similar set of facts in *Mirchandani v. BMO Harris Bank*, where a lender sued its debtors for breach of contract regarding personal guarantees on a loan secured by deeds of trust. 326 P.3d at 336–37. The court issued judgment against the debtors. *Id.* at 337. The debtors later brought a new action against the lender, seeking a temporary restraining order against the sale of the property and claiming that the deed of trust was invalid. *Id.* The Arizona Court of Appeals held that the second action was a compulsory counterclaim and therefore barred. *Id.* at 338. Much like in *Mirchandani*, here "[i]t is hard to imagine a stronger case of a logical relationship between claims . . . . The same property, loans, and guarantees are at issue." *Id.* (citation modified). Shao's claim was a compulsory counterclaim in the Arizona action, and she lost it when judgment was issued against her in that case.

### II. Abuse of Judicial Process

The Court could alternatively grant judgment to Customers Bank on the basis of Shao's forum shopping and bad faith litigation tactics, both of which have abused the judicial process.

In an attempt to avoid the Arizona court's rulings and avoid her creditors, Shao "clearly abused the bankruptcy process." *Id.* at 39 ¶¶ 12–13; *see also In re Shao*, 2025 WL 933807, at *4

3

("[T]he Court must note that Shao's serial bankruptcy filings present a prime example of abuse of judicial process."). Shao then tried to rope this Court into the fray, hoping she would find a more favorable judge. At the TRO hearing, this Court called Shao's lawsuit the "most egregious example of forum shopping" it had yet encountered. TRO Hearing Tr. 39:3-5, ECF 16. These forum-shopping tactics alone justify dismissal. *See Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) ("District courts 'possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)).

But forum shopping isn't the only objectionable litigation tactic Shao has employed. The merits of her claim are beyond specious. Shao says that her signature was forged, despite making the loan payments for over a year without objection and despite what Bankruptcy Judge Baer described as "unimpeachable" testimony from the notary who witnessed her signatures. TRO Hearing Tr. 41:23-25–42:1-12. What's more, Shao now argues that she is not the same "Yang Shao" who was a defendant in the Arizona case. Pl.'s Status Report 4, ECF No. 31 ("Plaintiff is not the Chinese national 'Yang Shao' referenced as a defendant in the Arizona action."). This statement is clearly false, and it continues the pattern of false statements that Judge Baer cataloged in Shao's California bankruptcy petition, prompting Judge Baer to dismiss Shao's two petitions in this Court. *See, e.g.*, Tr. Proceedings 34: 13–15 ("On page 3, have you filed for bankruptcy within the last eight years? The answer, No. A clear, clear, lie."); *see also Shao v. Customers Bank*, No. 25-cv-1558, 2026 WL 457244, at *1 (7th Cir. Feb. 18, 2026) ("The bankruptcy court in the present case determined that Shao defrauded the Bank and filed the petition in bad faith, so after permitting the Bank to foreclose on the real estate, the court dismissed the case. Shao appealed to the district court, which affirmed the dismissal. We also affirm.").

The foregoing is more than enough for this Court to exercise its equitable power to dismiss this claim with prejudice.

\*   \*   \*

Shao's claim for relief is dismissed with prejudice, both on claim preclusion grounds and using the Court's inherent power to dismiss the claim of a bad-faith litigant. Shao's chance to prove that her signatures were faked was in the Arizona state litigation. But that court, also recognizing Shao's abusive litigation tactics, issued a default judgment against her. The Arizona judgment precludes Shao from bringing her claim in this Court. This case is dismissed with prejudice.

Date: March 2, 2026

John J. Tharp, Jr.
United States District Judge